Filed: 4/20/2023 10:45 AM
Michael Gould
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 74845185

429-01993-2023

CAUSE NO. _____

| | | |
|---|---|---|
| TERESA EVANS | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| VS. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS, L.P. | § | |
|     Defendant. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, TERESA EVANS, hereinafter called "Plaintiff," complaining of KROGER TEXAS, L.P. hereinafter called "Kroger" or "Defendant", and for cause of action would respectfully show to the Court and jury the following:

**1.00  Discovery Plan**

1.01  Plaintiff alleges that discovery is intended to be conducted under Level 3 of Rule 190.

**2.00  Parties**

2.01  Plaintiff is resident of Denton County, Texas.

2.02  Defendant, KROGER TEXAS, LP is a foreign corporation doing business in the State of Texas and operating in Collin County, Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

**3.00  JURISDICTION AND VENUE**

3.01  Venue is proper in Collin County, Texas, in that all or part of Plaintiff's causes of action accrued in Collin County, Texas. TEX CIV. PRAC. & REM. CODE ANN. §15.001 (Vernon 1985).

3.02     This Court has jurisdiction, as Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

**4.00     FACTUAL STATEMENT**

4.01.   Plaintiff would respectfully show the Court that on or about June 3, 2021, Plaintiff was an employee under the control and supervision of Defendant, KROGER, and acting in the course and scope of his employment for Defendant.

4.02.   At all pertinent times, Plaintiff was on Defendant's premises located at Kroger Store # 547, Frisco, Texas.

4.03.   On or about June 3, 2021, Plaintiff was working inside Defendant's premises. On this day, while Plaintiff was attempting to pull together an on-line order she tripped over a low-boy stacking cart that was unbeknownst to Plaintiff placed behind her by another co-worker. Plaintiff tripped over the cart when she turned around and attempted to walk in a different direction. Plaintiff was unaware of the presence of the cart and did not see the cart as she turned around. As a result, Plaintiff fell to the ground and suffered severe personal injuries.

**5.00     NEGLIGENCE CAUSE OF ACTION**

5.01    The negligence and gross negligence, as those terms are understood in law, of the Defendant proximately caused injuries and damages to the Plaintiff as more fully set forth below. In particular, it is believed that KROGER failed to exercise the degree of care that reasonable and prudent business entities would have in at least the following particulars:

1. In failing to maintain the premises in a reasonably safe condition;
2. In failing to provide a reasonably safe workplace for Plaintiff;
3. In allowing Plaintiff to work in unreasonably unsafe conditions;
4. Defendant's actions compelled Plaintiff to keep working under unsafe conditions;

5. In failing to properly and adequately inspect and maintain the work area in question to discover the unsafe condition;

6. In failing to provide, follow and enforce rules, regulations and/or safety instructions for the safety of its employees;

7. In failing to promulgate, implement, enforce, and/or ensure compliance with adequate safety procedures, policies, and practices;

8. In failing to provide the proper and safe equipment and instrumentalities for which to do the work;

9. In failing to warn Plaintiff of dangerous conditions that existed in and around his workplace;

10. Failure to properly and adequately hire, train, monitor, and supervise their employees;

11. Failure to retain properly and adequately train employees;

12. Failure to enforce its own safety policies and procedures;

13. Failure to ensure that its employees, agents and representatives were maintaining a safe working environment;

14. Defendant by and through its agents, servants and/or employees failed to properly look out for dangerous conditions that existed;

15 Co-worker failing to act as a reasonable and prudent person in the placement of carts in common working areas; and

16. Committing various other acts and omissions constituting negligence.

5.02 Defendant has a non-delegable duty to provide a reasonably safe workplace for its employees. The above and foregoing acts and/or omissions were a proximate cause of your Plaintiffs injuries and damages and were committed and/or omitted by Defendant, its agents, servants, and/or employees in the course and scope of their agency, representation and/or employment.

6.00 **GROSS NEGLIGENCE CAUSE OF ACTION**

6.01 Defendant KROGER had actual knowledge of the dangerous conditions of the worksite but nevertheless allowed work to continue with conscience indifference to the rights,

welfare and safety of Plaintiff and others similarly situated. Therefore, Defendant is guilty of gross negligence for which they should be held liable in punitive and exemplary damages to Plaintiff in an amount as found sufficient by the trier of fact.

6.02  Each and all of the foregoing acts or omissions on the part of Defendant, whether taken singularly or collectively, were a proximate cause of the occurrence in question and a direct and proximate cause of the injuries and damages sustained by the Plaintiff herein.

**7.00  WORKERS' COMPENSATION NON-SUBSCRIBER STATUS**

7.01  Defendant KROGER did not have Texas Workers' Compensation Insurance coverage at the time of the incident made the basis of this lawsuit, therefore, pursuant to TEXAS LABOR CODE § 406.033, it is not a defense that:

1. The employee was guilty of contributory negligence;
2. The employee assumed the risk of injury; or
3. The injury was caused by the negligence of a fellow employee.

7.02  A cause of action may not be waived by an employee before the employee's injury. Any agreements by an employee to waive a cause of action or any right described above before the employee's injury is void and unenforceable.

**8.00  DAMAGES**

8.01  Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendant, Plaintiff was caused to suffer serious and permanent personal injuries his body, all of which have caused Plaintiff in the past, and will cause Plaintiff in the future, physical pain, mental anguish, lost wages, loss of earning capacity, physical impairment, disfigurement, medical and hospital expenses, for which Plaintiff should be compensated in accordance with the laws of the State of Texas.

**9.00 MONETARY RELIEF SOUGHT**

9.01 Pursuant to Rule 47 (c), and subject to Plaintiff's right to amend, Plaintiff seeks monetary relief over $250,00 but not over $1,000,000.00.

**10.00 PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein and that upon full and final hearing of this cause, Plaintiff have judgment of and from the Defendant as follows:

1) For all actual and punitive damages, both past and future, as prayed for herein;

2) For all of Plaintiff's costs of court;

3) For pre-judgment interest at the highest legal rate and for the longest period of time allowed by law on all elements of damage claimed herein;

4) For post-judgment interest at the highest legal rate allowed by law on the amount of the judgment entered by the Court from the date of judgment until collected; and

5) For such other and further relief, both general and specific, at law or in equity, to which this Honorable Court should find Plaintiff to be justly entitled.

Respectfully submitted,

**ARMSTRONG LAW, PLLC**

12720 Hillcrest Road, Suite 615
Dallas, Texas 75230
(214) 932-1288
(214) 602-6006 (Facsimile)

By: _____
**WARREN M. ARMSTRONG**
State Bar No. 24044432
warmstrong@armstronglawyer.com